**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KAZADI BIG MUSUNGAYI,

Plaintiff-Appellant,

v.

WHIRLPOOL CORPORATION,

Defendant-Appellee.

No. 10-5060
(D.C. No. 4:08-CV-00427-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

---

Kazadi Big Musungayi sued his former employer, Whirlpool Corporation, alleging a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The district court granted Whirlpool's motion for summary judgment, and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Musungayi is an African-American native of the Democratic Republic of the Congo. He was hired by Whirlpool in July 2005 and soon complained of coworkers exhibiting "hostile behaviors" toward him. R. Vol. 1 at 82. Whirlpool reassigned Mr. Musungayi to a job operating a 600-ton press, which satisfied him for a while, but ten months later he sent a letter to a member of Congress complaining of "systematic silent oppression." *Id.* at 192. According to Mr. Musungayi, coworkers ignored him, took long breaks, and "us[ed] electronics devices to communicate with outside people." *Id.* Whirlpool investigated the letter and learned from Mr. Musungayi that his job-partner, Don Kinsey, preferred training Caucasians. Whirlpool could not substantiate the claim, however, and finding no other evidence of discrimination or harassment, took no further action.

A year later, though, Mr. Musungayi filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). He alleged a hostile work environment created in part by a coworker named Keenan Berry, who was "waging a psychological warfare." *Id.* at 193. Mr. Musungayi noted that his past complaints to Whirlpool did not deter Berry from harassing him, and he thus suspected a "White supremacist agenda." *Id.* Mr. Musungayi told Donna Griffin, Whirlpool's employee relations manager, that Berry "interrupt[ed] employees working with [him] on the 600 ton press in an effort to 'intoxicate' others against him." *Id.* at 155. Griffin interviewed several other employees and supervisors

but again found no evidence of discrimination or harassment. Consequently, Whirlpool took no further action on these allegations either.

In February 2008, Mr. Musungayi pursued his discrimination charge in the United States District Court for the Eastern District of Michigan. He alleged an equal protection violation, negligence, and "endangerment to the human factor." *Id.* at 13. More specifically, he averred that Whirlpool failed to protect him from harassing coworkers, failed to resolve the "crisis," overworked him, underpaid him, and "tarnished [his] reputation." *Id.* For all this, Mr. Musungayi sought money damages totaling $250,000.00. The Michigan court eventually transferred the case to the Northern District of Oklahoma, which dismissed all but the Title VII claim.

In the meantime, Mr. Musungayi lodged ten more grievances with Whirlpool, complaining that coworkers were making rowing gestures, causing him to feel unsafe by spying on him, asking if the Congo was "Dark Africa," and giving him "insolent gazes." *Id.* at 155-57. In addition to other complaints, Mr. Musungayi also felt "emotionally hurt" when a coworker slammed a tote bag and told him to fill it, *id.* at 117, and he reported that an employee asked why he had been assigned "such a dumb job," *id*. at 200. Whirlpool investigated each incident but found no discrimination or harassment. The company disciplined Mr. Musungayi, however, for later confronting and intimidating the employee who allegedly asked why he had been given a dumb job.

In September 2009, Mr. Musungayi was fired for insubordination. On December 9, 2009, he responded with a second charge of discrimination, alleging retaliatory dismissal for filing this lawsuit. After receiving his right-to-sue letter, Mr. Musungayi moved to consolidate his retaliation claim with his pending hostile-work-environment claim. The district court denied the motion, however, construing it as an untimely and improper motion to amend the complaint. The court then granted Whirlpool's pending motion for summary judgment because there was no evidence of discrimination or harassment on the basis of race or national origin.

Mr. Musungayi now appeals the court's grant of summary judgment.

II

We review the grant of summary judgment de novo, applying the same legal standard as the district court. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). "Summary judgment is proper only if 'there is no genuine issue as to any material fact' and 'the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). In conducting our review, we construe the evidence and the reasonable inferences from it in the light most favorable to the non-moving party, in this case, Mr. Musungayi. *See id.*

To survive summary judgment on a hostile-work-environment claim, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or

pervasive to alter the conditions of . . . employment and create an abusive working environment." *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1327 (10th Cir. 2004) (quotation omitted).  A plaintiff must also submit evidence allowing a jury to infer that he was harassed due to his race or national origin.  *Id.*

The district court found that Mr. Musungayi failed to demonstrate either that any alleged harassment was sufficiently severe, pervasive, or objectively offensive as to create an abusive working environment, or that he was harassed because of his race or national origin.  We agree with this assessment.  There was no evidence to sustain Mr. Musungayi's belief that the difficulties he experienced at Whirlpool resulted from a discriminatory animus based on race or national origin.  Instead, the record indicates that Mr. Musungayi's allegations were premised almost exclusively on his subjectively held beliefs and assumptions.

For instance, Mr. Musungayi told a coworker he was from the Congo and was asked, "Is that what they call dark Africa?"  R. Vol. 1 at 96.  Mr. Musungayi took offense and walked away.  But another coworker later told Mr. Musungayi, "If you knew the history of this country, you would understand that that part of the world was called dark Africa."  *Id.* at 122.  Given this context, there was nothing severely offensive or inherently discriminatory about the question, and we can infer nothing discriminatory from the reference.

Mr. Musungayi also alleged that Kinsey preferred to train Caucasians over African-Americans.  He explained that Kinsey was once involved in an altercation

with another employee and afterwards said, "Well, it's just a cultural issue and I know at my church in the past, they used to not accept black people." *Id.* at 96. On another occasion Mr. Musungayi heard Kinsey say he taught Sunday school students "that before loving those outside of you, you get to love first those around you here." *Id.* at 99. Based on these two statements, Mr. Musungayi asserts that Kinsey fosters a racial bias. But these statements could not support a factual finding that Whirlpool's work environment was so permeated with discriminatory intimidation, ridicule, and insult as to render it abusive, and they do not demonstrate that Kinsey held a discriminatory intent. Moreover, these comments were not directed at Mr. Musungayi and did not disadvantage him. To the contrary, Mr. Musungayi acknowledged that Kinsey trained him, and, in fact, he actually wrote a letter to Whirlpool's management, praising Kinsey for training him. Perhaps Mr. Musungayi found Kinsey's remarks offensive, but "Title VII . . . does not set forth a general civility code." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation omitted).

Nor did Berry's conduct constitute actionable harassment. *See Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (harassment must be racial or stem from racial animus). According to Mr. Musungayi, Berry's harassment consisted of walking around Mr. Musungayi's workspace, throwing gloves into the press and shutting it off, spreading rumors that Mr. Musungayi was royalty, and telling Kinsey that he–Berry–did not trust Mr. Musungayi. Berry also tried to

avoid working with Mr. Musungayi and even reported that Mr. Musungayi was harassing him. But none of this conduct can be attributed to a discriminatory animus. *See Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) ("General harassment if not racial or sexual is not actionable."). And apart from this alleged conduct, Mr. Musungayi conceded that he never heard Berry make any derogatory remarks about anyone's race or national origin. *See* R. Vol. 1 at 104.

We could continue to discuss Mr. Musungayi's allegations, but we are satisfied that they do not point to an actionable injury. And in any event, his appellate brief fails to articulate any reasoned argument, supported by pertinent legal authority, suggesting that summary judgment was inappropriate. Instead, Mr. Musungayi disputes the characterization of his problems as personality conflicts and lobs new allegations impeaching the integrity of defense counsel. We recognize that Mr. Musungayi is proceeding pro se, and we afford his materials a "solicitous construction" accordingly. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Nevertheless, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). This means that "[u]nder [Federal Rule of Appellate Procedure] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority. When a pro se litigant fails to comply with that rule, we cannot fill the

void by crafting arguments and performing the necessary legal research." *Id.* at 841 (ellipsis, citation, brackets and quotations omitted).

As a corollary, we cannot consider Mr. Musungayi's allegations of retaliatory discharge, as Mr. Musungayi failed to properly present that claim to the district court. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) ("[A]n issue must be presented to, considered and decided by the trial court before it can be raised on appeal." (brackets and quotations omitted)). Mr. Musungayi attempted to add a retaliatory discharge claim to his complaint by moving to consolidate it with his hostile-work-environment claim, but the district court denied his request as untimely and improper, *see* Dkt. # 87 (minute order denying motion for consolidation), and never considered his allegations, *see* R. Vol. 1 at 221 n.1. Although Mr. Musungayi criticized that ruling in his notice of appeal, *see id.* at 226, we doubt his comments adequately preserved for appeal the question of whether the court erred in denying leave to amend. Yet even if he did wish to appeal the ruling, Mr. Musungayi failed to challenge it in his opening brief. Instead, he simply asserted in a supplemental brief that the district court misconstrued the motion for consolidation as seeking to amend the complaint. Under these circumstances, we conclude that Mr. Musungayi failed to preserve the issue for appeal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007) (finding forfeiture where appellant failed to adequately raise argument in opening brief on appeal).

## III

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge